IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA          :

       V.                          :          C. A. No. 03-6760
                                    :          CRIM. NO. 99-35-01

CURTIS WILKERSON                  :


         AND NOW, this     day of         , 2004, upon consideration of the

defendant's Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 59(e)

and the government's response thereto, it is hereby

ORDERED

that the defendant's Motion is DENIED insofar as it seeks to open the judgment denying the

defendant relief under 28 U.S.C. § 2255 to permit additional argument respecting the defendant's

Confrontation Clause Claim and that the defendant's Motion is DISMISSED as a second or

successive Section 2255 motion insofar as it attempts to raise any claim for collateral relief from

the defendant's conviction.


                                  BY THE COURT:


                                  _____
                                  HONORABLE J. CURTIS JOYNER
                                  *Judge, United States District Court*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **V.** | : | **C. A. No. 03-6760** |
| | : | **CRIM. NO. 01-343-01** |
| **CURTIS WILKERSON** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE**
**THE JUDGMENT DENYING THE DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**

The government respectfully requests the Court to deny and dismiss defendant Curtis

Wilkerson's Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 59(e). The

reasons supporting the government's request are set forth below.

I.      INTRODUCTION

Defendant Curtis Wilkerson is serving a federal sentence, having been convicted by

a jury of the offenses charged in the above indictment, that is, conspiracy, in violation of 18 U.S.C.

§ 371, as charged in Count One; armed bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2,

as charged in Count Two; carrying, using, and brandishing a firearm during and in relation to a crime

of violence, in violation of 18 U.S.C. §§ 924(c) and 2, as charged in Count Three; attempted armed

bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 2, as charged in Count Four; and using or

carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)

and 2, as charged in Count Five.  He filed a timely motion collaterally attacking his conviction and

sentence pursuant to 28 U.S.C. § 2255.  By order dated May 25, 2004, the Court denied the motion

and denied a certificate of appealability.  The defendant has filed a motion under Fed. R. Civ. P. 59

seeking an order setting aside the order denying Section 2255 relief.[1] The Court should deny the relief the defendant seeks.

In his initial Section 2255 motion, the defendant made two claims, namely, that, first, co-conspirator declarations of this co-defendant Willie Sawyer to the witness Jesse Stafford were admitted in violation of the Confrontation Clause, and, second, the Court erred in imposing sentence. The defendant now complains that he was not given a fair opportunity to respond to the government's argument respecting the first, Confrontation Clause claim. He supports this complaint, not by pointing out any faults in the government's argument, but by citing "newly discovered evidence." The putative newly discovered evidence is an affidavit by co-defendant Willie Sawyer, asserting, among other things, that he did not make the declarations at issue. To the extent that the defendant's Rule 59 motion is not a second or successive Section 2255 motion, it should be denied because the defendant has not provided any reason why the Court's denial of his Section 2255 motion was erroneous, much less based on faulty arguments presented by the government. To the extent that the defendant's Rule 59 motion attempts to raise a new claim for collateral relief from the judgment of sentence, it should be dismissed as a second or successive Section 2255 motion.

III.    ARGUMENT

A.    The Defendant is Not Entitled to Relief under Fed. R. Civ. P. 59.

The Court may alter or amend a civil judgment "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the United States." Fed. R. Civ. P. 59(a). This relief may be granted on the basis of newly discovered evidence. See Compass

---

[1] The government does not contest the timeliness of the motion which was placed in the prison mail on the Monday following the tenth day, a Sunday, after entry of the judgment sought to be set aside.

Technology, Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir.1995) (discussing relationship between Fed. R. Civ. P. 60(b)(2) and Fed. R. Civ. P. 59; the standard for granting a new trial based on newly discovered evidence is the same under either rule.). Newly discovered evidence can justify a new trial, however, "only if such evidence (1) is material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably have changed the outcome of the trial." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir.1991). By analogy, when the defendant seeks the opportunity to present argument respecting a Section 2255 claim because of newly discovered evidence, he must show that the newly discovered evidence is material to the issue on which additional argument is sought, the evidence could not have been discovered prior to the defendant's submission of his initial argument, and the evidence would probably have changed the outcome. The defendant's "newly discovered evidence" fails all of these tests.

The defendant asks the Court to open its Section 2255 judgment and reconsider its ruling on his Confrontation Clause claim because of the "newly discovered" affidavit of his co-defendant Sawyer. The newly discovered evidence, however, is irrelevant and immaterial to the Confrontation Clause claim. In the affidavit Sawyer denies having made the co-conspirator declarations which were admitted at trial. If believed, this self-serving denial would not affect the admissibility of the declarations, but their weight. The affidavit, therefore, does not suggest at all that the Court's Confrontation Clause ruling was erroneous. The Sawyer affidavit is irrelevant and immaterial to the issue which the defendant raised in his Section 2255 motion.

The assertions in the affidavit, moreover, could, with the exercise of due diligence, have been obtained before the defendant's initial Section 2255 motion was filed. If the affidavit

3

were believable, then the assertions in it would have been available to the defendant at any time during the criminal proceedings and, of course, after sentencing. The defendant thus fails to meet the second prong of the newly discovered evidence test.

Equally clearly, the defendant fails the third prong of the test. First, because the affidavit is irrelevant and immaterial to the resolution of the Confrontation Clause issue, it would not have changed the Court's ruling on that issue. Moreover, in relying on the Sawyer affidavit, the defendant neglects to say that at trial the witness Jesse Stafford testified that the defendant Wilkerson reassured him about his decision to join the robbers by telling Stafford that "he does this for a living." Wilk. App. D. 138.[2] Defendant Wilkerson's declarations were more damaging to his defense than Sawyer's. Contrary to the defendant's assertion, therefore, the Sawyer affidavit does not "call into question" "the level of confidence that was heretofore attributed to [the defendant's] conviction." Rule 59 Motion at p. 6.

For all these reasons, the Court should deny the defendant's Rule 59 Motion in so far as it seeks to open the Section 2255 Motion judgment to permit him to reargue the Confrontation Clause claim in light of the Sawyer affidavit.

B.      The Defendant's Rule 59 Motion Should be Dismissed as a Second and Successive Section 2255 Motion.

To the extent that the defendant attempts to use his Rule 59 Motion to raise a new Section 2255 claim, the motion should be dismissed as a second and successive Section 2255 motion. In addition to attempting to persuade the Court to permit additional argument on the

---

[2] This reference to "Wilk. App." is to one of the Appendices filed in the defendant's appeal. A copy of the reproduced record on appeal will be provided to the Court's chambers on request. The government submitted a more complete summary of the trial evidence in its response to the defendant's Section 2255 motion, which is incorporated here by reference.

Confrontation Clause issue previously litigated in his Section 2255 Motion, the defendant seems to argue in his Rule 59 Motion that the Sawyer affidavit shows that his trial should have been severed from Sawyer's.[3] Rule 59 Motion at pp. 4-5 and 7. The defendant did not make this claim in his Section 2255 Motion. As the defendant attempts to make this new severance argument, his Rule 59 Motion should be deemed second and successive to his initial Section 2255 Motion and, therefore, should be dismissed as well as denied.

1.    The AEDPA's Gatekeeping Rules.

The AEDPA establishes both procedural and substantive limits on repeat applications for collateral relief, referred to as the statute's "gatekeeping" requirements. The final paragraph of Section 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence that establishes the prisoner's innocence, or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. 2255 ¶ 8. Section 2244 of Title 28 sets out the certification procedures that must be followed. It provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

---

[3] The defendant Wilkerson appears to assume that co-defendant Sawyer would have testified at Wilkerson's trial had a severance been granted. This assumption is ill-founded. First, if Wilkerson had been tried first, Sawyer surely would have invoked his Fifth Amendment privilege not to testify. Had Sawyer been tried first, he would have been convicted and his testimony discredited. Moreover, Sawyer's relationship with the witness Stafford's girlfriend's sister (see Sawyer affidavit at ¶¶ 4-6) would have explained how Stafford knew that Sawyer and Wilkerson robbed the Harleysville Bank (an explanation denied the jury which heard this case because of the hearsay rule and the sisters' refusal to cooperate truthfully with law enforcement) and why Sawyer recruited Stafford for the Progress Bank robbery. Stafford's interest in and ownership of guns were fully vetted before the trial jury. Compare Sawyer affidavit at ¶¶ 7-8. In any case, this interest was an additional explanation why Sawyer recruited Stafford for the Progress Bank robbery. In short, Sawyer's availability to Wilkerson at trial would have hurt, not helped Wilkerson's defense.

an order authorizing the district court to consider the application." 28 U.S.C. 2255 ¶ 8; 28 U.S.C. 2244(b)(3)(A).[4]

It is widely recognized that these gatekeeping rules are "jurisdictional," that is, they limit the power of the district court to consider a second or successive motion absent proper certification from the court of appeals. See, e.g., Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); Torres v. Senkowski, 316 F.3d 147, 151-152 (2d Cir. 2003); United States v. Key, 205 F.3d 773, 774-775 (5th Cir. 2000); In re Page, 170 F.3d 659, 661 (7th Cir.), modified on denial of rehearing en banc, 179 F.3d 1024 (7th Cir. 1999).

Paragraph 8 of Section 2255 provides that the gatekeeping rules apply to "[a] second

---

[4] When a defendant files a second or successive Section 2255 motion in district court without first seeking authorization, some courts have held that the district court must transfer the unauthorized motion to the court of appeals under 28 U.S.C. § 1631. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); Coleman v. United States, 106 F.3d 339, 340-341 (10th Cir. 1997) (per curiam); Liriano v. United States, 95 F.3d 119, 122-123 (2d Cir. 1996) (per curiam). Other courts have held that the district court may transfer such a motion or simply dismiss it. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003); Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).

When the district court dismisses an unauthorized second or successive Section 2255 motion, courts have permitted the defendant to challenge the finding that the motion is second or successive either by filing a motion for authorization in the court of appeals under 28 U.S.C. 2244(b)(3), see, e.g., In re Moore, 196 F.3d 252, 253 (D.C. Cir. 1999); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998) (Section 2254 motion), or by filing an appeal from the dismissal. See, e.g., Castro v. United States, 124 S. Ct. 786, 790-791 (2003); McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002); United States v. Palmer, 296 F.3d 1135, 1137 (D.C. Cir. 2002); Garrett v. United States, 178 F.3d 940, 941 (7th Cir. 1999). Which procedure the defendant uses ultimately makes no difference, however, because courts routinely treat a notice of appeal from the dismissal of a second or successive Section 2255 motion as a motion for authorization. See, e.g., United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002); United States v. Hayden, 255 F.3d 768, 770 n.3 (9th Cir. 2001); Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

6

or successive motion." Section 2255 does not define the term "second or successive motion." As a general matter, anything that is not a "first" Section 2255 motion will be considered a "second or successive" motion. Thus, even when the defendant's second motion raises a claim that was not available when he filed his first motion, that motion should still be subject to the gatekeeping restrictions. See Johnson v. United States, 196 F.3d 802, 804 (7th Cir. 1999); In re Page, 179 F.3d 1024, 1025-1026 (7th Cir. 1999) (opinion on denial of rehearing).[5]

2.    (Re)Characterizing Post-Sentencing Pleadings.

If the current Motion did not seek relief under Section 2255, then the gatekeeping rules would not apply. Before applying the gatekeeping rules, therefore, one must correctly classify the Rule 59 Motion filed by the defendant. Courts reclassify collateral attacks according to the relief sought by the applicant. Thus, "[u]nder a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a pro se prisoner has labeled differently." Castro v. United States, 124 S. Ct. 786, 789 (2003); see also Andrews v. United States, 373 U.S. 334, 338 (1963) ("adjudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents"); accord Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997); Tyler v. United States, 929 F.2d 451, 453 & n.5 (9th Cir. 1991); Solsona v. Warden, 821 F.2d 1129, 1132 & n.1 (5th Cir. 1987); United States v. Dukes, 727 F.2d 34, 40 n.10 (2d Cir. 1984).

---

[5]    While pre-AEDPA law distinguished between "abusive" and "successive" motions, the AEDPA refers only to "second or successive" motions. It is clear that Congress intended that the gatekeeping rules would apply regardless of whether the second or subsequent Section 2255 motion would formerly have been characterized as "abusive" or "successive." See 28 U.S.C. § 2244(b)(1) and (2) (describing as "successive" claims that both were and were not presented in a prior habeas petition); United States v. Barrett, 178 F.3d 34, 42 n.4 (1st Cir. 1999); Esposito v. United States, 135 F.3d 111, 113 n.3 (2d Cir. 1997) (per curiam).

The Supreme Court confirmed this point about labels and semantics in <u>Calderon v. Thompson</u>, 523 U.S. 538 (1998). There, the Court held that "a prisoner's motion to recall the mandate" of a court of appeals' decision affirming the denial of habeas relief "can be regarded as a second or successive application for purposes of" the gatekeeping rules where the motion attacks "the merits of the underlying decision." <u>Id</u>. at 553. The Court explained that "[o]therwise, petitioners could evade the [gatekeeping] bar" merely by placing unusual labels on their pleadings. <u>Id</u>.

Courts generally recharacterize or dismiss most procedural vehicles used by federal prisoners to collaterally attack their convictions outside of Section 2255. Some of these vehicles include motions for relief from judgment under Fed. R. Civ. P. 60(b), which in this context is analogous to the defendant's use of Rule 59. Rule 60(b), which authorizes the court to "relieve a party from a final judgment" for "any * * * reason justifying relief," is a rule of civil procedure and therefore does not provide for relief from a judgment in a criminal case. <u>United States</u> v. <u>Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam); see Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature."). Thus, a Rule 60(b) motion challenging a criminal judgment should be either recharacterized as a Section 2255 motion or dismissed outright. <u>See</u> <u>Munoz v. United States</u>, 331 F.3d 151 (1st Cir. 2003); <u>Dunlap v. Litscher</u>, 301 F.3d 873 (7th Cir. 2002).[6]

Just as the defendant used Rule 59, prisoners sometimes file Rule 60(b) motions

---

[6]   The Seventh Circuit has concluded that a motion under Rule 59 to alter or amend the judgment filed within 10 days of the judgment is not a collateral attack and thus should not be recharacterized as a Section 2255 motion. <u>Curry v. United States</u>, 307 F.3d 664 (7th Cir. 2002). This case is not applicable here as the defendant's Rule 59 Motion relates to the Court's denial of Section 2255 relief, not to the initial imposition of sentence.

challenging the validity of an earlier decision denying relief under Section 2255. Since Section

2255 motions are technically "civil," such motions cannot be dismissed as readily as Rule 60(b)

motions that directly attack the criminal judgment. Hence, to the extent that the defendant's Rule

59 Motion is limited to seeking an opportunity for additional argument on his Confrontation Clause

claim, the government in an abundance of caution has asked the Court not to dismiss the motion but

to deny it on its merits because it is not supported by any argument or information that warrants

opening the judgment for additional argument.[7]

With respect to the issue (or issues) not previously presented, however -- newly

discovered evidence supposedly supporting a severance of the defendant's trial from his co-

defendant's -- the government urges the Court to characterize the Rule 59 Motion as a second or

successive Section 2255 motion and to dismiss it. The majority of courts of appeals that have

considered the issue have adopted a functional approach, characterizing such motions based on the

nature of the claims raised. In Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003), for example, the court

concluded that

> [w]hen the motion's factual predicate deals primarily with the constitutionality of the
> underlying state conviction or sentence, then the motion should be treated as a second or
> successive habeas petition. This situation should be distinguished from one in which the
> motion's factual predicate deals primarily with some irregularity or procedural defect in the
> procurement of the judgment denying habeas relief. That is the classic function of a Rule
> 60(b) motion * * * and such a motion should be treated within the usual confines of Rule

---

[7] As here to the extent that the defendant sought merely reargument of a previously decided
Section 2255 claim, it is appropriate for courts to deny relief on the pleading as labeled. Cf.
Castro v. United States, 124 S. Ct. at 794-795 (Scalia, J., concurring) (questioning practice of
recharacterizing pleadings). The practice of recharacterizing wrongly labeled pleadings
originally arose out of generosity to the untutored pro se litigant. But it is more than a little odd
to apply that principle where, as here, the prisoner is deliberately trying to disguise his Section
2255 motion with a misleading label. In any case, properly recharacterizing the defendant's Rule
59 Motion results in its dismissal.

60(b).

Id. at 70; see also United States v. Winestock, 340 F.3d 200, 206-208 (4th Cir. 2003); Dunlap v.

Litscher, 301 F.3d 873, 874-876 (7th Cir. 2002) (collecting cases); Hill v. Hopper, 112 F.3d 1088,

1088-1089 (11th Cir. 1997) (per curiam)(prisoner's Section 1983 suit treated as a Section 2255

motion because it was the "functional equivalent" of such a motion).[8]

The "functional equivalent" standard is consistent with the Supreme Court's approach

in Calderon v. Thompson. Under this standard, the defendant's Rule 59 Motion should be dismissed

to the extent that it relies on "newly discovered" evidence to support a contention of trial error not

previously raised. See Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion

filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶

1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."). When, as here,

a prior motion was denied because the claims raised were procedurally defaulted, a later motion will

be deemed second or successive. See Altman v. Benik, 337 F.3d 764, 766-767 (7th Cir. 2003);

---

[8] The Second Circuit has taken a narrower view of a district court's power to recharacterize Rule 60(b) motions as successive collateral attacks, holding that "a motion under Rule 60(b) to vacate a judgment denying habeas is not a second or successive habeas petition and therefore should be treated as any other motion under Rule 60(b)." Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001). Even in the Second Circuit, however, a district court can deny a Rule 60(b) motion that presents, as the defendant's Rule 59 Motion seeks to do, new attacks on the defendant's conviction. See Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002). In the Eleventh Circuit, by contrast, the district court must treat all 60(b) motions as second or successive collateral attacks unless they (1) attack a clerical error in the first judgment on collateral review or (2) contend that the first judgment on collateral review was the product of a fraud upon the court. See Gonzalez v. Secretary for the Department of Corrections, 366 F.3d 1253, 1269-1281 (11th Cir. 2004) (en banc). Two other circuits have suggested that Rule 60(b) motions are always successive collateral attacks. See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998) (per curiam); McQueen v. Scroggy, 99 F.3d 1302, 1335 (6th Cir. 1996). The Supreme Court granted certiorari to consider this issue, but then dismissed the writ as improvidently granted. See Abdur'Rahman v. Bell, 537 U.S. 88 (Stevens, J., dissenting).

Harvey v. Horan, 278 F.3d 370, 379-380 (4th Cir. 2002); In re Cook, 215 F.3d 606, 608 (6th Cir.

2000); Carter v. United States, 150 F.3d 202, 205-206 (2d Cir. 1998) (per curiam). Likewise, the

bar on second or successive motions obviously applies regardless of whether the petitioner seeks to

raise a new or previously litigated claim. As the Second Circuit has noted, "[g]enerally, a § 2255

petition is 'second or successive' if a prior § 2255 petition, raising claims regarding the same

conviction or sentence, has been decided on the merits. This remains true even if the latter petition

purports to raise new claims." Corrao v. United States, 152 F.23d 188, 191 (2d Cir. 1998).

Clearly the defendant's Rule 59 Motion includes a second or successive Section 2255

claim of claims. The Court should, therefore, dismiss it as the defendant has not received the Third

Circuit's permission to file it.

3.      The Rule 59 Motion does not qualify as based on newly discovered evidence.[9]

The defendant will be unable to secure permission to file the second or successive

Section 2255 claim or claims asserted in his Rule 59 Motion. The gatekeeping provision for fact-

based claims requires presentation of "newly discovered evidence that, if proven and viewed in light

---

[9] Rule 33(b)(1) provides that a new trial motion based on "newly discovered evidence" may
be filed up to three years after the verdict. This rule creates an additional mechanism, outside of
Section 2255, through which a federal prisoner can collaterally attack a final sentence. As
explained above, the government's position is that new trial motions are permissible - and should
not be recharacterized as Section 2255 motions - as long as the relief requested is actually
available under Rule 33. Brief for the United States, Castro v. United States, No. 02-6683, at 40;
but cf. Ruth v. United States, 266 F.3d 658, 661 (7th Cir. 2001) (new trial motion raising claim
of actual innocence is not a Section 2255 motion because it does not raise a constitutional claim);
United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000) (same). Wilkerson, however, is time-
barred from seeking Rule 33 relief because his conviction is more than three years old, having
been obtained on March 21, 2000. As the government argues above, this Court is without
jurisdiction to consider the newly discovered evidence claim, which is raised in a second or
successive Section 2255 motion. The following discussion of the newly discovered evidence
standard as it applies to the Sawyer affidavit is presented here, however, in the interests of
completeness. Here the gatekeeping rules indubitably expedite the achievement of a just result.

11

of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255 ¶ 8(1). To be "newly discovered," the evidence must have been discovered after the prisoner's previous Section 2255 motion was filed, not merely after the conviction became final on direct review. See Libby v. Magnusson, 177 F.3d 43, 50 (1st Cir. 1999); In re Magwood, 113 F.3d 1544, 1551-1552 (11th Cir. 1997).

To satisfy this provision, the new evidence must relate to the prisoner's factual innocence. Thus, it is not enough for the prisoner to point to newly discovered evidence that "contests the fairness of the criminal proceedings." United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003) (rejecting claim based on evidence that defendant's attorney had been disbarred); see also, e.g., In re Bryan, 244 F.3d 803, 805 (11th Cir. 2000) (claim based on evidence of trial counsel's alcoholism did not "explain[] how an alcohol-free counsel would have clearly resulted in a finding of innocence"); United States v. Woods, 169 F.3d 1077, 1078 (7th Cir. 1999) (gatekeeping provision "requires proof of actual innocence and therefore can never be satisfied by evidence that would have supported a motion to suppress") (emphasis in original); Villafuerte v. Stewart, 142 F.3d 1124, 1126 (9th Cir. 1998) (evidence that judge used racial epithet "does not add to or subtract from the evidence of [the defendant's] guilt"). Here the defendant is arguing that his trial with Sawyer was unfair because he was not able to call Sawyer as a witness. Thus his reliance on Sawyer's self-serving affidavit fails to qualify as newly discovered evidence on the basis of which collateral relief could be granted from Wilkerson's conviction.

Even assuming that the claims in Sawyer's affidavit were not available to defendant Wilkerson before he filed his Rule 59 Motion and that they go beyond questioning the fairness of

trial, the affidavit does not qualify as "newly discovered evidence" under the AEDPA. Given the overwhelming evidence of the defendants' guilt, the Sawyer affidavit falls far short of establishing by clear and convincing evidence that no reasonable factfinder would have found Wilkerson guilty of conspiracy, armed robbery, attempted armed robbery, and firearms offenses. Wilkerson had a gun and mask when the FBI and local law enforcement officers prevented him and Sawyer from robbing the Progress Bank. Wilkerson had helped recruit the cooperating informant Stafford to commit the Progress Bank robbery by telling Stafford that "he does this for a living." Stafford's account was corroborated not only by Wilkerson's possession of a mask and handgun upon his arrest but also by FBI surveillance and overheard conversations. The Sawyer affidavit is not even prima facie newly discovered evidence potentially meriting relief under Section 2255.

## CONCLUSION

The Court should deny the Rule 59 Motion in so far as it seeks to open the judgment to permit additional argument on the defendant's Confrontation Clause claim and should dismiss the Motion as a second or successive Section 2255 Motion to the extent that it attempts to raise any new claim for collateral relief.

Respectfully submitted,
PATRICK L. MEEHAN
United States Attorney

DAVID B. WEBB
Section Chief

ERIC B. HENSON
Assistant United States Attorney

13

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that the government's Response and Motion to Dismiss the Defendant's Motion under 28 U.S.C. § 2255 has been served by first-class mail, postage pre- paid, as follows:

Curtis Wilkerson
No. 52455-066
USP-Lee County
P.O. Box 305
Jonesville, VA 24263

_____
Eric B. Henson
Assistant United States Attorney

DATE___11/10/04