IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 99-035-01-JCJ |
| CURTIS WILKERSON | : | |

ORDER TO REDUCE TERM OF IMPRISONMENT

BEFORE THE COURT is a motion (ECF No. 217) filed by the defendant, Curtis Wilkerson, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking a modification of his term of imprisonment to time served based on the current coronavirus pandemic, his preexisting medical conditions, and his enhanced risk of death or serious illness if he contracts COVID-19 again. The government joins that motion.

This Court is authorized under 18 U.S.C. § 3582(c)(1)(A)(i) to modify a term of imprisonment upon the finding that "extraordinary and compelling reasons" warrant the reduction. The Court finds as follows:

1. On March 21, 2000, Wilkerson and his co-defendant were convicted at trial of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One); armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count Two); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(i) (Count Three); attempted armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count Four); and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Five).

2. On December 18, 2000, Wilkerson was sentenced to 447 months' imprisonment and five years of supervised release. The sentence included a period of 60 months' imprisonment on Count One, to run concurrently with a period of 63 months' imprisonment on each of Counts Two and Four; a period of 84 months' imprisonment on Count Three, to run consecutively to all counts; and a period of 300 months' imprisonment on Count Five, to run consecutively to all counts of the Indictment.

3. The defendant, inmate number 52455-066, is currently housed at FMC Butner in Butner, North Carolina. His minimum release date from the Bureau of Prisons ("BOP") is November 10, 2030. He has served approximately 58 percent of the full term, and approximately 67% of the term he would serve if he earns full good conduct time credit from this date.

4. The defendant is 45 years old and suffers from chronic kidney disease. According to the Centers for Disease Control and Prevention (CDC), chronic kidney disease puts him at higher risk of death or serious illness if he were to contract COVID-19 again.

5. On May 29, 2020, the defendant filed a Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i). See ECF No. 217.

6. The defendant previously submitted a request for compassionate release to the Warden of FMC Butner on April 30, 2020. The request was denied on May 1, 2020. As of May 30, 2020, the required 30-day period of exhaustion under 18

U.S.C. § 3582(c)(1)(A) had passed since the defendant presented his compassionate release request to the Warden.

7. On June 12, 2020, the government filed a response in opposition to the defendant's compassionate release. According to the government, "extraordinary and compelling reasons" did not exist to allow a sentence reduction, and consideration of all pertinent factors, including the length of sentence served and the apparent absence of any danger to the public, did not warrant a reduction to time served. See ECF No. 222.

8. Since the government's response was filed, the CDC has modified those medical conditions that place inmates at higher risk of death or serious illness if they were to contract COVID-19. Previously, only those individuals suffering chronic kidney disease who were on dialysis were considered to be at a higher risk of serious illness if they contracted the virus. As of the June 25, 2020, CDC revisions, all individuals who suffer from any stage of chronic kidney disease are now included in those who are at a higher risk. Since the defendant is suffering from either mild or moderate chronic kidney disease, he now does suffer from a medical condition which would qualify him for consideration for compassionate release. The government has accordingly modified its position, and upon consideration of all relevant factors, advocates that release is appropriate. The Court agrees.

9. The government and defendant agree that the defendant should still serve the previously imposed five-year period of supervised release. The government

requests that for the first 12 months of the term of supervised release, the Court should impose a condition of home confinement and electronic monitoring consistent with the release plan approved by the United States Probation Office, in addition to the conditions of supervised release previously imposed by the Court at sentencing. The defendant does not oppose this request.

10. To ensure the defendant's safety and to comply with public health guidelines, the government requests that the Court direct that the defendant be placed immediately in a 14-day quarantine at FMC Butner, unless, in the BOP's determination, this is not necessary because he has already been effectively quarantined, or is not practical given the resources of the facility. If the defendant has already been effectively quarantined at FMC Butner, or such a quarantine is not practical at this time, the government requests that the defendant be ordered to self-quarantine for 14 days at the residence approved by the Probation Office. The defendant advises that he will reside at an address approved by the Probation Office in the release plan. The government has notified the Probation Office of its support for the defendant's request for compassionate release.

THEREFORE, IT IS ORDERED that the defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 217) is GRANTED and his term of imprisonment is reduced to time served, except as set forth in the next paragraph.

IT IS FURTHER ORDERED that the defendant shall be released from the custody of the Bureau of Prisons as soon as his medical condition permits, his release plan is implemented, travel arrangements can be made, and he completes a 14-day quarantine at

FMC Butner (unless, in the BOP's determination, this is not necessary because he has already been effectively quarantined, or is not practical in light of the institution's resources; in that case, the defendant shall self-quarantine for 14 days at the residence approved by the Probation Office).

IT IS FURTHER ORDERED that the defendant shall still serve the previously imposed five-year period of supervised release. For the first 12 months of that term of supervised release, the Court hereby imposes a condition of home confinement and electronic monitoring consistent with the release plan approved by the United States Probation Office, in addition to the conditions of supervised release previously imposed by the Court at sentencing.

IT IS FURTHER ORDERED that the defendant must submit to the 12-month period of home detention as soon as practicable and comply with the Location Monitoring Program requirements as directed by the U.S. Probation Office. The defendant shall be restricted to his residence at all times except for employment, education, religious services, medical, substance abuse and mental health treatment, court ordered obligations, and any other such times specifically authorized by the U.S. Probation Office. The location monitoring technology is at the discretion of the U.S. Probation Office. The government will pay the cost of the monitoring.

IT IS FURTHER ORDERED that the Probation Office shall notify the Court if the release plan cannot be implemented by the time that the Bureau of Prisons is prepared to release the defendant pursuant to this Order.

ORDERED THIS ___14th___ DAY OF __JULY__, 2020.

BY THE COURT:

S/J. CURTIS JOYNER

_____

HONORABLE J. CURTIS JOYNER
United States District Judge